UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL W. GREGORICH,<br><br>                Plaintiff,<br><br>    v.<br><br>MICHAEL ASTRUE,<br><br>                Defendant. | Case No. C09-1186 MJP<br><br>**ORDER OF REMAND** |

This matter comes before the Court on Plaintiff's objections to the Report and Recommendation ("R&R"). (Dkt. No. 16.) Having considered the objections, the R&R (Dkt. No. 15), all papers submitted in support thereof, and noting the absence of a response from Defendant, the Court ADOPTS in part and REJECTS in part the R&R and REVERSES and REMANDS for further proceedings consistent with this order.

**Background**

Plaintiff Michael Gregorich appeals from the denial of his application for disability benefits and supplemental security income. Plaintiff is a 45-year old man with a high school education, who has worked as a cleaner, cook, and housekeeper. (AR 66, 74-77.) Plaintiff last worked for two months in a fast-food restaurant in 2007 and was last gainfully employed in 2003. (AR 63B, 424.) The ALJ found Plaintiff not to be physically disabled. (AR 27.) In so concluding, the ALJ rejected the opinion of an examining physician, Dr. Cara Debley, who

recommended Plaintiff spend no more than six hours walking due to diminished sensation in his right lower extremity. (AR 20, 233.) The ALJ also found that despite his mental limitations (an inability to work around others), Plaintiff could perform cleaning jobs away from the public that were generally available in the national economy. (AR 26.) Plaintiff appealed the decision. The R&R recommends affirming the dismissal, which Plaintiff opposes.

**Analysis**

A.   Standard

The Court "may set aside the Commissioner's denial of disability insurance benefits when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999).

B.   Physical limitation

The ALJ improperly rejected Dr. Debley's recommended restrictions on Plaintiff's physical movement, and erred in concluding that Plaintiff lacked any significant physical limitation. (AR 22; R&R at 4.)

An ALJ may reject a treating physician's opinion if she explains in clear and convincing fashion why other evidence contradicts the physician's opinions. See Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998). "This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence. . . ." Id. (citation omitted).

The ALJ did not provide a clear and convincing reason to reject Dr. Debley's restrictions. Rather, the ALJ simply concluded on the record that Plaintiff "has no difficulty with bathing, dressing, cooking, or doing household chores." (AR 20.) This is not a legitimate and reasoned basis to reject Dr. Debley's opinion. None of those activities contradicts a need to limit Plaintiff's physical activities over a prolonged period.

The ALJ also incorrectly concluded that Dr. Debley's limitation on walking or standing was "based upon the claimant's subjective complaints." (AR 20.) Dr. Debley found that "[b]ased on [her] examination, the claimant's walking would be limited to 6 hours due to

1  diminished sensation in the right lower extremity, limiting his ability to walk or stand for a
2  prolonged period and the need to sit down." (AR 233 (emphasis added).) Dr. Debley performed
3  a "sensory exam" in which she found Plaintiff to have "diminished sensation to pinprick, light
4  tough, and vibration" in the right lower extremity. (AR 233.) Sensory deficit observation can be
5  objective medical evidence so long as the data is obtained through medically acceptable clinical
6  and laboratory diagnostic techniques. 20 C.F.R. § 404.1529(c)(2). Nothing in the record
7  suggests Dr. Debley did not follow acceptable techniques and her conclusion should be accorded
8  the weight of objective, not subjective evidence. The ALJ failed to accord this objective medical
9  evidence with the proper weight.
10     The Court REVERSES and REMANDS for the ALJ to consider Dr. Debley's opinion as
11 objective medical evidence of Plaintiff's limitations.
12 C.    Alternative jobs
13     Plaintiff argues the ALJ erred in determining that there were jobs generally available to
14 Plaintiff that met his specific limitations. (Dkt. No. 16 at 6-8.) Plaintiff is incorrect, although the
15 issue must be reexamined on remand.
16     The ALJ concluded that Plaintiff could perform work that is "away from the public." (AR
17 22, 26.) The ALJ found that Plaintiff's prior experience as a cleaner was past relevant work that
18 was generally performed away from the public. (Id.) The ALJ properly based her conclusion on
19 a vocational expert's testimony. (AR 26.)
20     The vocational expert testified that there were "a lot" of cleaning and housekeeping jobs
21 that would have "either no public contact or only superficial" contact. (AR 451.) Based on this
22 testimony, the ALJ properly concluded that past relevant work meeting Plaintiff's specific
23 limitations exists. Plaintiff contends the ALJ erred by failing to make a specific finding that
24 cleaning work is generally performed away from the public. This disregards the ALJ's express
25 reliance on the testimony of the vocational expert that such work is performed from the public "a
26 lot." (AR 26, 451.) Plaintiff argues that "a lot" is not the same as "generally." The Court finds

no such distinction either factually or in the Commissioner's regulations. See 20 C.F.R. § 404.1560(b)(2). The ALJ's decision is supported by the record. The Court ADOPTS the R&R on this issue with the caveat that the ALJ may need to revisit the scope of alternative work available to Plaintiff in light of any restrictions that may be necessary to impose due to Dr. Debley's opinion.

D. Credibility

Plaintiff assigns error to the ALJ's adverse credibility determination. The ALJ found Plaintiff's testimony to lack credibility with regard to his mental limitations. (AR 23.) The ALJ's provided specific reasons to discount Plaintiff's claims that he could not work around anyone else. This conclusion was proper.

Plaintiff claims that the ALJ improperly used his attempts to obtain medical help for his alcoholism as a sword against him. This argument has some appeal, but is unsupported on the record. The ALJ did not discount Plaintiff's condition merely because he sought treatment. Rather, the ALJ looked at Plaintiff's entire testimony regarding his abilities and concluded that he could work in a job with minimal contact with others. The ALJ did not penalize Plaintiff or find him incredible because he sought treatment. The Court ADOPTS the R&R on this issue.

**Conclusion**

The ALJ failed to accord proper weight to Dr. Debley's objective analysis of Plaintiff's physical impairments. The Court REVERSES and REMANDS with instructions for the ALJ to consider Dr. Debley's opinion not as Plaintiff's subject report, but as objective evidence of his physical impairments. The Court ADOPTS the R&R in all other respects.

The Clerk shall transmit a copy of this Order to all counsel of record.

Dated this 18th day of June, 2010.

Marsha J. Pechman
United States District Judge